**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RAY SANNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )        No. 10 C 5307 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**<u>MEMORANDUM OPINION</u>**

Before the court is Ray Sanner's <u>pro</u> <u>se</u> motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Sanner was indicted for bank robbery, conspiracy to commit bank robbery, and knowingly possessing a firearm in furtherance of a bank robbery. On June 21, 2007, a jury found Sanner guilty on all three counts. On October 23, 2007, Sanner was sentenced to a total term of imprisonment of 180 months. He appealed, raising two issues: (1) whether we erred in including the value of the stolen getaway car in the loss calculation at sentencing; and (2) whether we erred in increasing the sentence based on statements Sanner made at his sentencing hearing. The Court of Appeals found no error and affirmed.

Sanner specifies twelve grounds on which he believes he is entitled to collateral relief:

> (1) The government knew or should have known "during or after testimony was given" that its witnesses testified falsely.

(2)   The government misrepresented evidence and made improper remarks in opening, closing, and rebuttal statements.

(3)   Defendant was unable to present several witnesses in his defense; trial counsel "misrepresented whether witnesses were going to be called."

(4)   Statements that defendant made after he was unlawfully seized were used against him.

(5)   Statements that defendant made after police failed to advise him of his right to remain silent and failed to provide access to an attorney were used against him.

(6)   Defendant was denied the right to confront a witness at trial because the government read a stipulation concerning the testimony of its DNA examiner.

(7)   Defendant was denied a speedy trial because the indictment was filed more than thirty days after his arrest and he was not brought to trial within seventy days of the indictment.

(8)   The court sentenced defendant "based on inaccurate information."

(9)   Trial counsel was ineffective.

(10)   Defendant was denied the right to an appeal because there was an inadequate record, appellate counsel failed to move for a rehearing "when a different circuit decided a case contrary" to that of the decision in defendant's appeal, and appellate counsel "did not make use of the available record."

(11)   The Court Reporter Act, 28 U.S.C. § 753, was violated because the transcripts for the suppression hearing and sentencing are inaccurate.

(12)   The court failed to follow 18 U.S.C. § 3582(a) at sentencing.

(§ 2255 Mot. at 4-6, 9-10.)

We conclude that Sanner cannot proceed on any of these claims. His ineffective assistance claims are rejected as conclusory, and he is not entitled to relief on his remaining claims because he has failed to support them by pointing to specific facts and/or could have raised them on direct appeal and failed to do so.

"Habeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations," where the district court sentenced a convicted defendant in violation of the Constitution or laws of the United States or the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996). A section 2255 petition is not a substitute for direct appeal. Id. It cannot be used for constitutional issues that were not raised on direct appeal unless the movant can establish good cause for the default as well as actual prejudice, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice. Id.; McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996). Non-constitutional claims that could have been raised on direct appeal but were not are deemed waived "even without taking cause and prejudice into account." Barnickel v. United States, 113 F.3d 704, 706 (7th Cir. 1997).

In Grounds 3, 9, and 10, Sanner asserts that his trial and appellate counsel were ineffective. In order to obtain relief on a claim of ineffective assistance of counsel, a convicted defendant

must prove not only that counsel's performance fell below an objective standard of reasonableness, but also that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Unsubstantiated and conclusory statements are insufficient to satisfy a § 2255 petitioner's burden of persuasion on the two prongs of the Strickland test. United States v. Turcotte, 405 F.3d 515, 537 (7th Cir. 2005).

In Ground 3, Sanner contends that he "wanted to call" thirteen witnesses in his defense, listing their names. He states that these witnesses had "material information" and that his counsel "misrepresented whether witnesses were going to be called." (§ 2255 Mot. at 5.) Sanner fails to explain what testimony any of these additional witnesses would have provided, let alone that they would have provided favorable testimony. In Ground 9, Sanner asserts that his trial attorneys "were consistently unable to present adequate legal arguments to the court, present evidence to the court, hold the government to its legal obligations, develop or correct the record, impeach or discredit witnesses, question favorable witnesses properly, provide witnesses for [his] defense, or properly prepare for court." (§ 2255 Mot. at 10.) This claim also fails because it is a wholly conclusory laundry list. In Ground 10, Sanner contends that his appellate counsel failed to

move for rehearing "when a different circuit decided a case contrary to the decision" on his appeal and failed to "make use of the available record." Like the other ineffective assistance claims, this claim is conclusory. Sanner does not identify the case or circuit or explain what issue in his case was implicated by the decision. He also fails to explain exactly how counsel did not "make use of" the record. Appellate counsel raised two issues on Sanner's behalf, and Sanner makes no showing that counsel should have raised any others.

Several claims--Grounds 1, 2, 8, and 11--are similarly conclusory. Sanner does not present any specific factual basis for his assertions. Therefore, as to Grounds 1, 2, 8, and 11, he has failed to show that he is entitled to relief. See, e.g., Aleman v. United States, 878 F.2d 1009, 1012 (7th Cir. 1989).

Sanner concedes that Grounds 2, 4, 6, 8, and 12 were not presented on direct appeal.[1] In addition, Grounds 1, 5 and 7 were not raised. Sanner has procedurally defaulted these claims by failing to raise them on direct appeal. See McCleese, 75 F.3d at 1177. A procedural default can be overcome if the defendant demonstrates that there is good cause for and actual prejudice from the failure to raise the claims (as to constitutional claims) or if

---

[1] Sanner also concedes that he did not present Grounds 3 or 10 on direct appeal, but the failure to raise ineffective-assistance claims on direct appeal does not bar them from being brought in a § 2255 proceeding. See Massaro v. United States, 538 U.S. 500, 509 (2003).

our refusal to consider the claims would lead to a fundamental miscarriage of justice. Id. Where this court's § 2255 petition form asked Sanner to give his reasons for not presenting the claims, he responded: "These grounds were not presented due to ineffective assistance of counsel, an inadequate record, or a change in the law." (§ 2255 Mot. at 6.) This conclusory assertion falls far short of establishing cause for the default, and the motion is silent as to prejudice or a miscarriage of justice. Furthermore, we find no evidence of cause, prejudice, or a miscarriage of justice. Grounds 1, 2, 4, 5, 6, 7, 8, and 12 are procedurally defaulted.[2]

One final note. Instead of filing a reply brief to the government's response to his § 2255 motion, Sanner filed a "motion for leave to conduct factfinding procedures," in which he contends in conclusory fashion that the government "created factual disputes" that require him to conduct discovery. In the motion, Sanner acknowledges that he must provide specific reasons for his request and states that he will "meet these requirements in forthcoming motions." (Mot. at 2.) In a letter to the court filed

---

[2] Most, and likely all, of these claims would fail even if they had not been procedurally defaulted. As noted above, Grounds 1, 2, and 8 are conclusory. Grounds 4 and 5 relate to the statements Sanner made to law enforcement in May 2006. We held a two-day hearing on Sanner's motion to suppress those statements and denied it, finding that Sanner's version of the events was incredible. Sanner presents no reasons to reconsider our finding. In Ground 6, Sanner claims that he was denied the right to confront the FBI's DNA examiner, but he stipulated to her testimony, which was favorable to him. Sanner argues in Ground 12 that we did not follow 18 U.S.C. § 3582(a) at sentencing. Section 3582(a) directs the court to consider the factors set forth in 18 U.S.C. § 3553(a), which we expressly considered.

on February 23, 2011, Sanner stated that he had not yet filed these motions because he had not been permitted to access the prison law library since January 21 (due to a "lockdown"). He stated that as soon as "normal activity" resumed, which he expected the following week, he would "complete [his] motions without delay" and file them. Nearly two months have passed since Sanner sent the letter, and he has failed to file anything. It appears to the court that the motion to conduct factfinding procedures was made for the purpose of delay. There is not a hint of good cause, or even a particular reason, for the discovery request, and it will be denied.

We are not required to hold an evidentiary hearing on a § 2255 motion where, as here, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." See Olmstead v. United States, 55 F.3d 316, 318 (7th Cir. 1995); 28 U.S.C. § 2255(b). For the foregoing reasons, the motions of Ray Sanner to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 and for leave to conduct factfinding procedures [16] are denied. Because petitioner has not made a substantial showing of the denial of a constitutional right, we deny a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2255 Procedures for the United States District Courts.

DATE:          April 20, 2011


ENTER:         _____

               John F. Grady, United States District Judge